# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JORDAN GRIMES, | ) | |
| | ) | |
|    Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 4:15-CV-00102-DGK |
| | ) | Crim. No. 4:13-CR-00261-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT

This case arises out of Movant Jordan Grimes' conviction and 67-month prison sentence for being a felon in possession of a firearm. Pending before the Court is Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Doc. 1). Finding no merit to any of Movant's claims, the Court DENIES the motion. The Court also declines to issue a certificate of appealability.

### Background

On June 11, 2013, Kansas City, Missouri, police officers stopped the car Movant was riding in for a traffic violation. During the course of the stop, the police arrested Movant on an outstanding warrant. During a subsequent search of the car, officers found a .380 semiautomatic pistol in the glove box.

The driver told the police the gun was not hers and she did not know how it got into the car. She told them Movant had borrowed the car earlier that day. Later, while Movant was in jail, authorities recorded him making phone calls in which he admitted possessing the gun, and he attempted to persuade the car's driver to claim ownership of the gun.

On July 17, 2013, a federal grand jury indicted Movant on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On September 10, 2013, Movant pled guilty without a plea agreement. On January 30, 2014, the Court held a sentencing hearing. After establishing the applicable guideline range was 46 to 57 months' imprisonment, the Court announced it would vary from the guidelines. The Court then sentenced Movant to 67 months' imprisonment.

Movant did not file any direct appeal, but timely filed the pending § 2255 motion on February 9, 2015.[1] The motion alleges that his attorney, an experienced federal public defender, was ineffective for failing to: (1) file a notice of appeal; (2) ensure that Movant reviewed the presentence investigation report ("PSR"); (3) object to not being given advanced notice of the upward departure; (4) ensure that the Court made specific findings before imposing the upward departure; and (5) seek specific judicial findings when the Court imposed an enhancement for obstruction of justice.[2]

The Government responded that each of these claims were either refuted by the record or foreclosed by governing precedent.

Although a hearing was unnecessary given the existing record—which included transcripts from the change of plea hearing and sentencing hearing, a sworn affidavit from Movant's trial counsel ("Counsel"), and several emails which corroborate Counsel's affidavit—the Court ordered an evidentiary hearing to ensure the record was clear. The Court held the evidentiary hearing on April 21, 2016. Both Movant and Counsel testified.

---

[1] Because Movant did not file a direct appeal, his conviction became final after the period in which he could file an appeal expired, which was fourteen days after the entry of judgment. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008).

[2] The initial motion (Doc. 1) asserted the first four claims; the memorandum in support (Doc. 8) added the fifth.

Movant's testimony was consistent with the allegations, but not credible because it contradicted the record and because it changed on cross-examination. For example, he testified that Counsel assured him that he would be sentenced within the guideline range. During cross-examination, however, Movant admitted that during the change of plea hearing on September 10, 2013, the Court instructed him that he could receive any punishment up to the maximum sentence of ten years' imprisonment.

Counsel then testified. His testimony was consistent with his affidavit and completely credible, both because his demeanor and manner indicated he was being honest and because his testimony was corroborated by various emails.

Accordingly, the Court finds the facts to be as follows. Movant indicated at three different times to Counsel that he did not want to file an appeal. Movant told him immediately after the sentencing hearing that he did not want to file an appeal. On February 3, 2015, however, Counsel received an email from Movant's mother indicating that Movant might want to file an appeal. Counsel then followed-up with her and discussed her son's options. On February 5, Movant left a voice mail message for Counsel in which he stated he did not want to file an appeal. Finally, on February 7, Movant's mother confirmed with Counsel via email that her son did not wish to file an appeal.

Counsel reviewed the PSR for legal issues and then an investigator from his office telephoned Movant and reviewed the report with him. Movant suggested several objections to the investigator. Among other things, Movant noted that the PSR misspelled his mother's first name, spelling it as "Nena" instead of "Nina," and that Movant would like it changed. This anecdote is consistent with the PSR's statement that Movant has "Nina" tattooed on his neck, which appears to be the spelling of Movant's mother's name. This account is further confirmed by the contemporaneously drafted email the investigator sent Counsel.

As for the sentencing objections, the Court finds Movant misunderstands the difference between a variance and a departure. Counsel did not, and could not, object to an "upward departure" here because there was no upward departure. Similarly, although Counsel did not object to the obstruction of justice enhancement, the recorded phone calls provide overwhelming evidence that Movant attempted to get a third-party to lie and claim ownership of the handgun found in the glove box.

Finally, Counsel did not guarantee Movant that he would receive a guideline sentence. This is consistent with the Court's colloquy with Movant during the change of plea hearing, wherein the Court carefully explained to Movant that the Court was not bound by the sentencing guidelines and it could sentence him to up to ten years' imprisonment, the statutory maximum sentence.

## Standard of Review

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

## DISCUSSION

**I.   Movant's claims are meritless.**

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton*

*v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864. Failure to satisfy either prong is fatal to the claim, and the court need not reach the prejudice prong if the defendant cannot show his attorney's performance was deficient. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

### A. Movant's first claim is meritless because instructed counsel not to file an appeal.

There is no factual basis for Movant's first claim that Counsel failed to file a requested appeal. The record was clear before the hearing that Movant never instructed trial counsel to file an appeal, and the testimony adduced at the hearing confirmed this. Accordingly, this claim is meritless.

### B. Movant's second claim is meritless because Movant reviewed the PSR.

Similarly, there is no factual basis for Movant's second claim that counsel failed to allow him to review the PSR. The record shows that Movant reviewed the PSR with Counsel's investigator and understood its contents. Thus, claim two is meritless.

### C. Movant's third and fourth claims are meritless because there was no upward departure in this case.

Movant's third and four claims are premised on the notion that the Court made an upward departure in this case. Since the Court made a variance from the guidelines, not an upward departure, these claims are unavailing.

### D. Movant's fifth claim is meritless because there was no ethical basis to object to the obstruction of justice enhancement.

Movant's final claim—that Counsel erred by not objecting that there was not sufficient evidence on the record to support an enhancement for obstruction of justice—is also meritless. There was overwhelming evidence that Movant attempted to get the car driver to lie and claim the firearm belonged to her, facts which justified an enhancement for obstruction of justice. *See United States v. Cobb*, 320 F. App'x 486, 487-88 (8th Cir. 2009) (holding obstruction of justice enhancement is warranted when the defendant attempts to persuade a witness to give false testimony). As an officer of the court, Counsel had an ethical duty not to make a frivolous objection. *See McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 435 (1988) (noting ethical considerations and the rules of court prevent defense counsel from advancing frivolous arguments). Hence, Counsel rightly did not object and there was no ineffective assistance of counsel.

In sum, Movant has failed to show that Counsel's performance was deficient in any way, Therefore, all of Movant's claims are meritless.

**II.     No certificate of appealability should be issued.**

Because no reasonable jurist would grant this motion, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

**Conclusion**

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   June 2, 2016                                /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT